George E. Ridge (*Pro Hac Vice*)
COOPER RIDGE & LANTINBERG, P.A.
200 West Forsyth Street, Ste. 1200
Jacksonville, FL 32202
(904) 353-6555
(904) 353-7550 (fax)

Cory E. Friedman  (CF 5946)
123 East 75th Street
New York, NY 10021
(212) 879-9751
(212) 879-2595 (fax)

*Attorneys for Bert C. Roberts, Jr.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SR INTERNATIONAL BUSINESS INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>MCI, INC., BERNARD EBBERS, SCOTT D. SULLIVAN, BETTY L. VINSON, TROY M. NORMAND, BUFORD YATES, JR., SUSAN G. BELL, CLIFFORD ALEXANDER, JR., JAMES C. ALLEN, JUDITH AREEN, CARL J. AYCOCK, RONALD R. BEAUMONT, FRANCESCO GALESI, STILES A. KELLETT, JR., GORDON S. MACKLIN, DAVID F. MYERS, JOHN A. PORTER, BERT C. ROBERTS, JR., ESTATE OF JOHN W. SIDGMORE, LAWRENCE A. TUCKER, JUAN VILLALONGA, MAX E. BOBBITT, AND JOHN DOES 1-50,<br><br>*Defendants*. | Case No.:  04 Civ 04567 (DLC)<br><br>ECF Case<br><br><br><br>**DEFENDANT BERT C. ROBERTS, JR.'S REPLY MEMORANDUM ON HIS MOTION TO DISMISS THIS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION, PURSUANT TO F.R.CIV.P. 12(h)(3)** |

Defendant Bert C. Roberts, Jr. ("Roberts") submits this Reply Memorandum in further support of his motion to dismiss this action for lack of subject matter jurisdiction, pursuant to F.R.Civ.P. 12(h)(3) (the "Motion").

1.  In its opposition to the Motion, Plaintiff SR International Business Insurance Company ("SRI") does not dispute that this action lacks complete diversity. Its only response is to serve an amended complaint which does not name Señor Juan Villalonga as a defendant. As the Supreme Court recently reaffirmed in *Grupo Dataflux v. Atlas Global Group, L.P.*, ___ U.S. ___, 124 S. Ct. 1920, 1924 (2004):

> It has long been the case that "the jurisdiction of the Court depends upon the state of things at the time of the action brought." *Mullen v. Torrance, 22 U.S. 537, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824)*. This time-of-filing rule is hornbook law (quite literally n2 ) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing -- whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal. (Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment. See *Capron v. Van Noorden, 6 U.S. 126, 2 Cranch 126, 2 L. Ed. 229 (1804)*.)
>
> n2 See, *e.g.*, J. Friedenthal, M. Kane, & A. Miller, Civil Procedure 27 (3d ed. 1999); C. Wright & M. Kane, Law of Federal Courts 173 (6th ed. 2002). See also 13B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3608, p. 452 (1984).

2.  Faced with this hurdle, Plaintiff seeks to thread its way though the one exception to that rule, by attempting to drop Señor Villalonga as a defendant. That attempt is unavailing. Curing incomplete diversity by dropping the non-diverse party is only an option where the dismissed party is dispensable. *Id.* at 124 S. Ct. 1925. Indeed, in *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996), an example of that exception, which the Supreme Court distinguished in *Grupo Dataflux*, the non-diverse dismissed party had

settled, thereby making him fully protected and dispensable as a matter of law. *Id.* at 444. Here, there is a fixed amount of excess D&O insurance, which is far less than the $49 billion of claims asserted. Because this is a limited fund case,[1] it would be particularly unjust to exclude Señor Villalonga from any share of the limited fund or, conversely, to further limit that fund as to Roberts and the other former directors, but not Señor Villalonga. It is for that reason that in rescission actions such as this, all insureds are indispensable parties under F.R.Civ.P. 19, the non-joinder of any of which requires dismissal. *Alliance Gen. Ins. Co. v. Louisiana Sheriff's Auto. Risk Program*, 1997 U.S. Dist. LEXIS 12365 (E.D. La. Aug. 15, 1997); *see Travelers Indem. Co. v. Westinghouse Electric Corp.*, 429 F.2d 77 (5th Cir. 1970). If the non-joinder of an insured in a rescission action requires dismissal under Rule 19, *a fortiori*, it vitiates the *Caterpillar* exception in this case. Moreover, unlike *Caterpillar*, which had proceeded through trial, raising the prospect of much wasted effort, this failure of diversity has literally been nipped in the bud, pre-answer, so that there is no such concern.

       3.      Unlike *Caterpillar*, there is a much better solution that will not prejudice Señor Villalonga, Roberts, SRI or anyone else. *Roberts v. AEGIS*, 04 Civ 4089 (DLC), was filed **prior** to this case. Roberts has named all the carriers. The non-diverse insureds have the option to intervene pursuant to F.R.Civ.P. 24. Plaintiff SRI and the other carriers named in *Roberts v. AEGIS*, are required to assert the claims asserted by Plaintiff SRI in this case against Roberts and the other insureds as mandatory counterclaims pursuant to

---

[1] Indeed, were this a class action, the Court might well find it necessary to certify a Rule 23(b)(1)(B) no opt-out class. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 851-54 (1999).

F.R.Civ.P. 13(a) and (h).  Incomplete diversity between defendants and counterclaim defendants is not a problem.  *Caterpillar Inc. v. Lewis*, 519 U.S. at 67 n.1.  Thus, every necessary party can be brought before the Court in *Roberts v. AEGIS* and there is no non-joinder of necessary parties.  *Merchants Nat'l Bank v. Hartford Acci. and Indem. Co.,* 377 F. Supp. 1344 (D. Minn. 1974); *Aetna Casualty and Surety Co. V. Quixx Temporary Services, Inc.*, 1993 U.S. Dist. LEXIS (E.D. La. Dec. 17, 1993). Because another action can bring all of the necessary parties before the Court, this action, which is incompletely joined, must be dismissed.  *Travelers Indem. Co. v. Westinghouse Electric Corp.*, 429 F.2d 77 (5th Cir. 1970). Moreover, because of the pendency of *Roberts v. AEGIS*, Plaintiff SRI will suffer no prejudice if this action is dismissed.[2]

---

[2]   If not dismissed, as the second filed case, it should be stayed in order not to unnecessarily multiply the expense of litigation.

**CONCLUSION**

For all of the reasons set forth herein and in Defendant Roberts's Motion, this action should be dismissed.

Dated:       July 27, 2004

                                Respectfully submitted,

*[signature]*

George E. Ridge (*Pro Hac Vice*)
COOPER RIDGE & LANTINBERG, P.A.
200 West Forsyth Street, Ste. 1200
Jacksonville, FL 32202
(904) 353-6555
(904) 353-7550 (fax)

*[signature]*

Cory E. Friedman  (CF 5946)
123 East 75th Street
New York, NY 10021
(212) 879-9751
(212) 879-2595 (fax)

*Attorneys for Bert C. Roberts, Jr.*